## R. H. LANSDALE *v.* LEVI BRASHEARS' ADM'R ET AL.

**Execution—Purchaser—Indemnity.**

> Where A., at the request of the administrator, purchased a slave belonging to the estate of the deceased, and delivered him to the agent of the administrator, with the understanding between him and the administrator and the heirs of the deceased, that the collection of the debt would be enjoined, and in any event A. should be indemnified out of the estate, A. and his sureties are entitled to indemnity for money collected on such debt.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 2, 1874.

OPINION BY JUDGE PETERS:

It is alleged in the cross-petition of appellant that, at the special instance and procurement of Temple, the administrator *de bonis non* of Levi Brashears, deceased, Wood purchased the slave, Joshua, at the price of $1,441 for the benefit of the estate of Levi Brashears, and delivered him to Shean, the agent of the administrator. It is also alleged that Wood, with appellant and others as his sureties, executed sale bonds to the plaintiffs in the executions, under which said slave was sold for the amount of their respective debts, and also to Robert Brashears for the residue of the price after satisfying the execution debts, upon the assurance by the administrator and heirs of Levi Brashears that they would enjoin the collection of said bonds, and have the same applied to the satisfaction protanto of a debt owing by said Robert to the estate of Levi Brashears, deceased, and that in the event they failed in the objects of that suit, and their injunction was dissolved, that Wood and the sureties should be fully indemnified out of the estate of Levi Brashears. As evidence of this agreement, and to secure its performance, Temple, the administrator, and W. C. Brashears, one of the children and heirs of Levi Brashears, deceased, executed to said

Wood a writing, in which they recite the foregoing facts, and undertake to indemnify Wood and the sureties.

On the day after Wood made the purchase of the slave, and executed his bonds with the sureties aforesaid for his price, viz: on January 8, 1850, Jonathan C. Temple, administrator *de bonis non* of Levi Brashears, deceased, and a son-in-law, and Walter C. Brashears, James Temple, Walter Temple, Camilla Temple, and Corilla Parker (who afterwards married W. D. Irvin), heirs of Levi Brashears, deceased, brought their bill in equity against Robert Brashears, F. E. Lindsey, plaintiffs in the execution under which the slave, Joshua, was sold, and Wood and his sureties, with injunction to enjoin the collection of the money on said sale bonds, on the grounds that Mrs. Lindsey, plaintiff in said executions, and daughter of Robert Brashears had combined with him; that he had confessed judgments in her favor as administrator of her husband, who was dead, on fictitious debts which he did not owe in order to remove his property from his possession to her, and to prevent said representatives of Levi Brashears, deceased, from collecting a large debt he owed them; and prayed to have the money secured by the said bonds of Wood and sureties, applied as payments on their debts.

That suit lingered on the docket until March 28, 1860, after the death of Robert Brashears and on the last named day it appears that by a consent order made in the case, Henry W. Dent, the administrator of Robert Brashears, deceased, was directed to proceed to collect any debts injoined in said suit, and to report to court; and from a settlement and report made by Dent, it appears that he collected from Wood, etc., January, 1861, $1,091.50, within five cents of the precise amount of money collected on a *venditioni exponas* to sell the slaves of appellant, upon which the execution in favor of said Dent, administrator, as aforesaid against Wood, etc., which has issued against said Wood and sureties on the sale bond to Robert Brashears, had been previously levied; so that there is satisfactory evidence in the record that appellant paid the amount of the bond and interest. It also appears that Dent paid the money into court, and that it was withdrawn by Bauer, the court's receiver, and paid out by him to the heirs of Levi Brashears.

These heirs do not deny that when the slave was purchased by Wood, he delivered him immediately to Shean, the agent of appellees, the heirs of Levi Brashears, although it is directly alleged in

the cross petition that it stands upon the record admitted that they got the slave bid in by Wood; and it is developed by the evidence that they have received the money collected on the bond of Wood and others for the part of the price of said slave, and collected, too, from appellant. Nor can they be heard to say that they have no knowledge or sufficient information to form a belief in relation to the facts charged in appellant's cross-petition; because, in the suit of Levi Brashears' Adm'r et al. v. Robert Brashears et al., they were plaintiffs, actors in setting forth the facts which in this suit are set forth by appellant. It seems to be manifest, therefore, that appellant is entitled to the relief he asks.

Wherefore the judgment is reversed and the cause remanded with directions to enter judgment against appellees, W. D. Irvin, Corilla, his wife, Walter R. Temple, and Walter C. Brashears, on whom there has been actual service of process for the sum of $1,091.50, with interest at the rate of six per cent. per annum from January 18, 1861, until paid, and costs, and for further proceedings consistent herewith.

*Clemmons & Willis, for appellant.*

*Bodley & Sumrall, Bullock, for appellees.*